**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JAMILEE ISAIAH KIGNAK,[1]<br><br>Plaintiff,<br>v.<br><br>UNKNOWN ANCHORAGE POLICE OFFICERS, *et al.,*<br><br>Defendants. | Case No. 3:26-cv-00101-SLG |

**DISMISSAL ORDER**

On July 8, 2026, after self-represented prisoner Jamilee Isaiah Kignak (Plaintiff) filed a statement that the Court construes this statement as potentially indicating Plaintiff's intent to voluntarily dismiss this case, the Court issued a Notice of Intent Dismiss providing 30 days from the date of the order to notify the Court in writing that he intends to proceed with this case.[2] The Court warned Plaintiff that failure to notify the Court if he intends to proceed with this case would result in

[1] According to the records from the Alaska Department of Corrections and search results for Plaintiff's inmate booking number on the Victim Information and Notification Everyday ("VINE") inmate locator service, Mr. Kignak's surname was incorrectly spelled as Kigniak in his filings in this case. The Court takes judicial notice of the correct spelling of Plaintiff's name and updates the docket accordingly. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also* Rule 201 of the Federal Rules of Evidence.

[2] Docket 7.

dismissal of this case as a "strike" without further notice to Plaintiff.[3] To date, Plaintiff has not responded or otherwise contacted the Court.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[4]

Here, Plaintiff filed a statement that the Court construes as a Notice of Voluntary Dismissal. Plaintiff has not responded to the Notice of Intent to Dismiss this case, and he has not offered any justifiable reason for failing to meet the Court's deadline. Based on the foregoing, this case must be dismissed for failure to prosecute. The Court finds no other lesser sanction to be satisfactory or effective in this case.[5] Because Plaintiff was a prisoner at the time this case was filed, this dismissal will count as a "strike" under § 1915(g).[6]

---

[3] Docket 7 at 5.

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[5] *See, e.g., Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (noting that a district court need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives) (internal citation omitted).

[6] *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding that when a district court dismisses a complaint on the ground that it fails to state a claim but grants leave to amend, and the plaintiff then fails to file an amended complaint, the dismissal counts

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED**.

2. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

3. All pending motions are **DENIED as moot.**

4. The Clerk of Court shall issue a final judgment and close this case.

DATED this 1st day of September, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

as a strike under § 1915(g)).